RUSSO v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Division, Second Department.   December .2, 1910.)

1. CONSTITUTIONAL LAW (§ 89*)—LEGISLATURE—POWERS—SECURITY FOR EXISTING DEBTS.

   It is not within the power of the Legislature to compel a debtor to give security for an existing debt.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 157; Dec. Dig. § 89.*]

2. CARRIERS (§ 252*) — TICKETS — BOND TO SECURE DEPOSITS — STATUTE — VALIDITY.

   A bond given under Laws 1908, c. 479, providing that sellers of foreign tickets "who receive money" for transmission to foreign countries shall give bond for "the repayment of such deposits," will secure deposits already made.

   [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Ciro Russo against the Illinois Surety Company.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Albert A. Wray (Stephen Callaghan, on the brief), for appellant.

Achille J. Oishei, for respondent.

THOMAS, J.   In 1907, chapter 185, and in 1908, chapter 479, amendatory thereof, were enacted.   The amendment is in brackets. The provision is that persons "now or hereafter engaged [within this state] in the selling of * * * tickets for transportation to or from foreign countries, who in conjunction with said business receive money on deposit or carry on the business of receiving deposits of money for the purpose of transmitting the same, * * * to foreign countries, shall, before entering into said business, or before .continuing said business, except as hereinafter provided, * * * execute and deliver a bond to the people * * * in the sum of fifteen thousand dollars, conditioned for [the repayment of such deposits and] the faithful holding and transmission of any money, or the equivalent thereof, which shall be delivered to it or them for transmission to a foreign country."   This action is on a bond, given in September, 1908, pursuant to the statute of 1908, to recover for moneys deposited before its passage.   The defense is that the statute is not retroactive. The act as amended penalizes the business of selling tickets in conjunction with receiving money for deposit or transmission, unless a bond be given to repay or transmit such money.   The question is whether the continuance of the business is conditioned upon giving the bond for existing deposits.

The money was received in connection with a legitimate business. It is not within the power of the Legislature to compel a debtor to give security for an existing debt.   May it then constrain the delivery of such security by prohibiting, in case of failure, the continuance of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the business? If the act be unconstitutional, the parties could and did waive the invalidity of the requirement. Musco v. United Surety Co., 196 N. Y. 459, 90 N. E. 171. However, it is material, as bearing upon the retroactive character of the statute, to inquire whether the statute, if intended to be retroactive, would be invalid, for it is not presumed that an unconstitutional act was intended. Indeed, construction would seek to save the act from such defect. The propriety is not and cannot be questioned of requiring security from persons engaged in selling foreign tickets, when they, as a part of such business, receive moneys for deposit or dispatching. Musco v. United Surety Co., supra. Indeed, it would seem to fall within acknowledged and usually exercised powers of supervising the business of banking. But if the business, as to the future, is a legitimate subject of cognizance by the state, there seems to be no reason for questioning its power to make its continuance dependent upon the establishment of its solvency as to past indebtedness arising from deposits. The continuity of the business affected both the past and future, and the moneys, whenever received, were combined in a general undertaking. Those deposited before the act were appropriable to the repayment of those received thereafter, and a bond applicable only to later deposits would have enabled the banker to fulfill its condition by the use of earlier deposits. Therefore, as the Legislature was exercising its power to regulate occupations, it could regard the pursuit as an indivisible undertaking, and regulate it accordingly. Did it so intend?

As stated, the unity of the business suggested necessity for a regulation that would affect all its deposits. The vice of leaving a banker to carry on his occupation with a portion of his deposits unsecured, and applicable to the repayment of future secured deposits, has been noted. But there are other considerations. The act of 1907 uses words of futurity in conditioning the bond for the faithful transmission of any money "which shall be delivered to it." The statute unamended does not relate to moneys to be received and repaid. Musco v. United Surety Co., supra. But money received on deposit, although subject to withdrawal, was payable at some time, and meantime was exposed to the peril of retention, use, and appropriation, legal or otherwise, and so speaking as of the present the amendment, after describing the classes affected, viz., those sellers of foreign tickets who receive money for either disposition named, directed them to give a bond for "the repayment of such deposits," and the transmission of money which shall be delivered for that purpose. The reading is not "the repayment of such deposits" as shall be made, but the word "such" refers to the word "deposit" in the words "receive on deposit." Those words denote persons doing a present act, and describe existing conditions. The act of 1907 made provision for a bond deliverable in September of that year, for moneys deposited for transmission, and there was named reason for solicitude therefor. If the statute had provided only that persons receiving money on deposit should, before continuing said business, deliver a bond for the repayment of such deposits, or if it had provided that vendors of foreign tickets who, in

conjunction therewith, receive money on deposit, should deliver such bond, I conceive that it would not be questioned that deposits already involved in the business would be regarded as within the intended protection of the statute. For in such case the vendor and banker would continue a business of which such existing deposits would be a part. The very business to be continued is that of selling tickets in conjunction with deposits received. What is may be continued; what is not may be begun. Such is the intent of the statute.

In concluding that the bond embraces the money in action, it may be remarked that the obligation of the bond is not broader than the scope of the statute.

The judgment should be affirmed, with costs. All concur.